DOMENGEAUX, Judge.
This is an appeal from the denial of an application for a retail Class B beer permit. Don J. Tassin and Gary Guillory, d/b/a Chicken Palace and Grocery (hereafter referred to as plaintiffs or Chicken Palace) in the Town of Mansura (Town) applied for the beer permit in August or September of 1979. The Department of Public Safety, Office of Alcoholic Beverage Control (the State), refused plaintiff’s request on November 21, 1979, because plaintiffs had failed to obtain local permits as provided in La.R.S. 26:282 and 26:274.[1]
After the State denied plaintiffs’ application, the plaintiffs appealed devolutively to the Twelfth Judicial District Court as provided in La.R.S. 26:104 and 302, naming the State and the Town as defendants. The District Court upheld the actions of both defendants and dismissed plaintiffs’ petition. An appeal to this Court followed.
The Town of Mansura refused to issue plaintiffs a local permit based upon the following town ordinance, adopted on November 14, 1977:
“Resolution No. 1179
On motion by I. B. Lemoine seconded by Edward Coco, and unanimously carried, that no beer or liquor permit shall be granted for any premises situated with in three hundred (300) feet of a building used exclusively as a church or school, and that the distance shall be measured as a person walks using the sidewalk from the nearest point of the property line of the church or school to the nearest point of the premises to be licensed.”
According to the Town, the permit was denied because the Chicken Palace was within 300 feet of a church. While plaintiffs have argued to the contrary, enough evidence was presented at the trial to establish that the plaintiffs’ place of business was within 300 feet of the church. Were it otherwise, plaintiffs would unquestionably have used such evidence (the actual measurement) to their advantage and this litigation would not have ensued.
Plaintiffs contend chiefly that the refusal to issue a local permit violated La.R.S. 26:80 C which provides:
*1089 “C. Governing authorities of parishes and municipalities may enact ordinances to prohibit the conduct of alcoholic beverage businesses within a certain distance of a parish or municipal playground or of a building used exclusively as a regular church or synagogue, public library, or school, except a school for business education conducted as a business college. No state or local permit shall be issued in contravention of any such ordinance.
In municipalities the prohibition may not extend more than three hundred feet from the church, synagogue, library, school, or playground. The measurement of this distance shall be made from the nearest point of the property line of the church, synagogue, library, playground, or school to the nearest point of the property line of the premises to be licensed.
Outside of municipalities, parish ordinances may extend the prohibition to a distance of five hundred feet of the church, synagogue, library, school, or playground. The measurement of this distance shall be made in the same manner as the measurement is made in municipalities.
The prohibition in this Subsection does not apply to any premises which are maintained as a bona fide hotel, railway car, or fraternal organization, nor to any premises which have been licensed to deal in alcoholic beverages for a period of one year or longer prior to the adoption of the ordinance.” (Emphasis added)
Plaintiffs’ position is that their premises have been licensed to do business for at least one year prior to the adoption of the previously quoted local ordinance, and that the Town, therefore, has no right to withhold from plaintiffs the local beer permit sought.
We disagree with plaintiffs’ contention that R.S. 26:80 C applies to the situation before us. R.S. 26:80 C is found in Chapter 1 of Title 26 (which contains Sections 1-219). Chapter 1 regulates the sale of alcoholic beverages and also contains provisions for the issuance of permits. However, the applicability of Chapter 1 is significantly limited by R.S. 26:2, which defines various terms for use within the Chapter. R.S. 26:2 provides in part:
“For purposes of this Chapter . (1) ‘Alcoholic beverages’ means any fluid or solid capable of being converted into fluid, suitable for human consumption and having an alcoholic content of more than six per cent by volume, including alcohol.” (Emphasis added)
Chapter 1, then, by its own provisions, expressly excludes from its coverage those alcoholic beverages having an alcoholic content of six per cent or less. Thus, Chapter 1 neither regulates the sale of beer, nor governs the issuance of beer permits. Consequently R.S. 26:80 C, which is found in Chapter 1, only limits the location of businesses seeking liquor licenses and not those seeking beer licenses.
Title 26, Chapter 2 (containing Sections 241-521) regulates the issuance of permits for dealers in beverages of low alcoholic content. R.S. 26:241(l)(a) defines beverages of low alcoholic content to mean “alcoholic beverages containing not more than six per cent alcohol by volume . . This definition includes beer. The applicable statute from Chapter 2 which limits the location of businesses seeking beer permits is R.S. 26:280. Sub-section C of 280 reads as follows:
“C. When prohibited by municipal or parish ordinance no permit shall be granted for any premises situated within three, hundred feet or less, as fixed by the ordinance, of a public playground or of a building used exclusively as a church or synagogue, public library, or school, except a school for business education conducted as a business college or school. In municipalities and in unincorporated areas which are divided into subdivisions with streets, blocks, sidewalks, etc., this distance shall be measured as a person walks using the sidewalk from the nearest point of the property line of the church or synagogue, library, playground, or school to the nearest point of the premises to be licensed.
*1090 Police juries may enact ordinances extending the distances between licensed premises and the property line of churches, synagogues, public library, or schools to five hundred feet.
The provisions of this section shall not apply to registered pharmacists or licensed drug stores, licensed under the laws of the state of Louisiana who are permitted to sell alcoholic beverages by prescription only, either of high or low alcoholic content under Chapter 1 or Chapter 2 of Title 26.
Should any premises licensed to deal in beverages of low alcoholic content be located within a distance less than that provided by a municipal or parish ordinance pursuant to this section from property which is purchased or acquired after the license was obtained for the construction, erection, movement or development of a public playground or a building used exclusively as a church or synagogue, public library, or school, except a school for business education conducted as a business college or school, such subsequent purchase or acquisition shall not be grounds for the revocation, withholding, denial or refusal to renew the permit on said premises either by state or local authorities.
In undeveloped rural areas, the distance shall be measured in a straight line from the nearest point to the nearest point of the respective premises.
The provisions of this section 1 shall not
!As it appears in Acts 1969, No. 144, § 1, which amended subsection C.”
be grounds for the revocation, withholding, denial or refusal to renew a Class B state and/or local permit to allow the sale of beverages of low alcoholic content by the package and for consumption off the licensed premises issued between July 31, 1968 and June 30, 1969.
The provisions of this Subsection shall not apply to municipalities with over 400,-000 population.
Amended by Acts 1962, No. 400, § 1; Acts 1968, No. 427, § 1; Acts 1969, No. 144, § 1.
R.S. 280 C does not contain the exception found in 80 C for “premises which have been licensed to deal in alcoholic beverages for a period of one year or longer prior to the adoption of the ordinance.” The exception was formerly contained in 280 C but was deleted by Act No. 400 of the Regular Session of the 1962 Legislature. Hence, the exception is no longer available to persons seeking beer permits, although it continues to exist for persons seeking liquor permits under 80 C.
Three exceptions not found in 80 C are created" by the third, fourth, and sixth paragraphs of 280 C. Since the plaintiffs’ establishment is located within 300 feet of a church, the Town ordinance adopted in 1977 permits the Town to refuse to issue plaintiffs a Class B beer permit in accordance with the provisions of 26:280 C. It is incumbent upon plaintiffs to prove that they fall within one of the three exceptions mentioned in 280 C in order to prevail here and obtain their permit. Since there is no evidence in the record that plaintiffs fall within one of the exceptions, the judgment of the District Court denying plaintiffs’ application for a beer permit is affirmed.
For the above reasons, the judgment of the District Court in favor of the Town and the State is affirmed. All costs are assessed against the plaintiffs.

AFFIRMED.

. § 282:
“The collector with respect to state permits and municipal authorities or parish governing authorities with respect to local permits may withhold the issuance of permits in the manner and under the terms and conditions specified in this Chapter.”
§ 274:
“No person shall do any act for which a permit is required by this Chapter or by local authorities acting hereunder unless he holds the proper state and local permits; provided, however, that no local permit shall be necessary unless the local governing authority has adopted an ordinance requiring a local permit. .